**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:13-CR-00053-RLV-3**

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DANIEL LEE FOSTER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**BEFORE THE COURT** is Defendant's Pro Se Motion to Vacate Enhanced Sentence (Doc. 447). In 2014, Defendant pled guilty to conspiracy to distribute, possess with the intent to distribute, and manufacture methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846 (Count 1), and to possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 7). (Doc. 372 at 1). In March 2015, this Court imposed a 180-month sentence, consisting of a 120-month sentence on Count 1 and a consecutive, sixty-month sentence on Count 7. *Id.* at 2. Defendant did not appeal his conviction and sentence.

In the instant Motion (Doc. 447), Defendant refers to the United States Supreme Court's decision in *Johnson v. United States*, which held that the residual clause in the definition of "violent felony" in the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B) was unconstitutionally void-for-vagueness. *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015). Defendant claims that the holding in *Johnson* entitles him to a reduction in sentence, as he alleges his sentence enhancement or conviction under 18 U.S.C. § 924(c) is no longer constitutional. (Doc. 447 at 1–2).

A person in custody may move the Court to vacate a sentence imposed in violation of the Constitution or laws of the United States under 28 U.S.C. § 2255 (2012). A document filed *pro*

*se* is to be "liberally construed," and cannot be held to the same standards as a document filed by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). While Defendant's Motion makes no mention of 28 U.S.C. § 2255, it appears to be a motion to vacate, set aside, or correct the sentence imposed by this Court in March 2015. Where a defendant seeks relief that would be proper under § 2255 but does not specifically file his motion pursuant to § 2255, a court is required to allow the defendant the opportunity to express his intent in regard to his motion—that is, whether he intended to file under § 2255. *Castro v. United States*, 540 U.S. 375, 383 (2003); *United States v. Blackstock*, 513 F.3d 128 (4th Cir. 2008). In making this determination, Defendant should be aware that the Antiterrorism and Effective Death Penalty Act (AEDPA) provides that motions under 28 U.S.C. § 2255 are subject to a one-year limitation period.[1] Defendant should be further aware that second or successive motions under § 2255 are generally prohibited and must be authorized by the appropriate court of appeals. *See* 28 U.S.C. § 2255(h) (2012) (requiring "second or successive motion[s]" to be based on (1) newly discovered evidence that would, by clear and convincing evidence, render the defendant's guilty verdict

---

[1] Specifically, AEDPA provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) The date on which the judgment of conviction becomes final;
>
> (2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) *the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review*; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence

28 U.S.C. § 2255(f) (emphasis added). If *Johnson* applies to Defendant's case and entitles him to relief, it would appear that Defendant's § 2255 motion would be timely as Defendant filed the motion within one year of the Supreme Court's decision in *Johnson* and *Johnson* has been held to apply retroactively, *see Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

unreasonable or (2) a new rule or constitutional law rendered retroactive by collateral review of the Supreme Court); *see also* 28 U.S.C. § 2244 (discussing authorization requirement for second or successive § 2255 motion). Accordingly, this Court requires of Defendant a response stating whether Defendant intends his Pro Se Motion to Vacate Enhanced Sentence (Doc. 447) to constitute a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, subject to any limitations thereto.

**IT IS, THEREFORE, ORDERED THAT** Defendant shall up to and including June 7, 2017 to file a document stating whether or not he wants this Court to proceed with his Motion (Doc. 447) by construing the Motion as a motion to vacate under § 2255. If Defendant fails to timely respond to this Order, the Court will dismiss Defendant's Motion (Doc. 447) without prejudice.

**SO ORDERED.**

Signed: May 17, 2017

Richard L. Voorhees
United States District Judge