UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:13-cr-00053-MOC-DCK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **DANIEL LEE FOSTER,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on defendant's Motion to Reconsider the Court's earlier Order (#480), denying his Motion for Appointment of Counsel under the recent Supreme Court decision in Sessions v. Dimaya, No. 15-1498, 584 U.S. ___ (April 17, 2018). For cause, defendant states that he is no longer represented by court appointed counsel (which was the stated basis for denying the motion), despite no termination of counsel appearing in the court's record. Taking defendant's statement as true, the Court will reconsider the Motion for Appointment of Counsel.

There is no constitutional right to the appointment of counsel in a § 2255 proceeding. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). The court may appoint counsel to a financially eligible habeas petitioner if justice so requires. See 18 U.S.C. § 3006A(a)(2)(B). Appointment of counsel is required in a § 2255 action only when necessary for the utilization of discovery procedures or when an evidentiary hearing is required. See Rules 6(a) and 8(c) of the Rules Governing Section 2255 Proceedings.

Upon review of the record, the Court concludes that the defendant has not shown circumstances demonstrating the need for the appointment of counsel. Indeed, no active Section

1

2255 petition is pending; thus, there is no discovery with which defendant requires assistance and no possibility of an evidentiary hearing. Indeed, the request for appointment of counsel appears to be on a form that is apparently circulating within the prison community and does not indicate how defendant believes <u>Dimaya</u> could be applied in his case.

Finally, review of the PSR in this case reveals <u>no</u> sentencing enhancements for a crime of violence. Not only did defendant not receive any enhancement based on a crime of violence, the Court varied downward substantially. Finally, the Court has reviewed the *pro se* filings in this matter and determined that defendant is very capable of expressing his legal concerns. Accordingly, the defendant's motion for appointment of counsel is denied.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Motion to Reconsider (#481) is **ALLOWED** and upon reconsideration defendant's Motion for Appointment of Counsel (#478) is again **DENIED** without prejudice.

The Clerk of Court is instructed to terminate Richard A. Culler as counsel of record in this matter for Mr. Foster.

Signed: May 4, 2018

Max O. Cogburn Jr.
United States District Judge